**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucas Williams,<br><br>        Plaintiff,<br><br>v.<br><br>Sergio Jimenez, et al.,<br><br>        Defendants. | No. CV-26-00008-TUC-SHR<br><br>**ORDER** |

On January 6, 2026, Plaintiff Lucas Williams filed a pro se Complaint against Defendants Sergio Jimenez, Kevin C. McClanahan, Carmen Pacheco, Dawn Hill-Kearse, and Wavny Toussaint. (Doc. 1.) Plaintiff also filed an Application for Leave to Proceed in Forma Pauperis (IFP). (Doc. 2.) For the following reasons, the Court will grant Plaintiff IFP status and dismiss his Complaint with leave to amend.

**I.      IFP APPLICATION**

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal

quotation marks omitted).

Plaintiff has submitted an IFP application stating under penalty of perjury he is financially unable to pay the filing fee. (Doc. 2.) The Court finds Plaintiff's statement of income, assets, and expenses reflects his inability to pay. Therefore, the Court will grant Plaintiff's application for IFP status.

## II. STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners).

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

### III. DISCUSSION

In his one-page Complaint, Plaintiff broadly alleges Defendants "conspired together in violation of due process." (Doc. 1 at 1.) As to the relief requested, Plaintiff seeks compensatory and punitive damages "estimated over $500,000." (*Id.*) Plaintiff fails to clearly identify the factual and legal bases for his claim, and without such information, the Court is unable to determine whether Plaintiff's claim is legally viable. Moreover, although Plaintiff states this Court has "jurisdiction under federal law," this bare assertion is insufficient to assure the Court it has subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 8(a)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding a federal court has an independent duty to ensure subject matter jurisdiction exists in cases before it); *see also* 28 U.S.C. § 1331 (stating district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States); 28 U.S.C. § 1332(a) (stating district courts have jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000). Plaintiff's Complaint also fails to allege facts sufficient to establish this Court has personal jurisdiction over Defendants. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858–59 (9th Cir. 2022) (discussing requirements for general and specific personal jurisdiction). Plaintiff's Complaint simply fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citation and internal quotation marks omitted).

### IV. LEAVE TO AMEND

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity cure the complaint's deficiencies by amendment unless it is "absolutely clear" the plaintiff could not do so).

Because it is not absolutely clear Plaintiff could not cure the Complaint's deficiencies by amendment, the Court will give him the opportunity to do so. *See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the Complaint and grant Plaintiff leave to file a first amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff

is advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

## V. WARNINGS

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

## VI. CONCLUSION

**IT IS ORDERED** Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiff may file a First Amended Complaint within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file a First Amended Complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 8th day of January, 2026.

Honorable Scott H. Rash
United States District Judge